JS-6  "O"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0305 AG (ANx) | Date | October 5, 2009 |
|---|---|---|---|
| Title | TIM BELCZAK, et al. v. JAMES SHUTE, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**   ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants James and Patricia Shute ("Defendants") have brought a Motion for Judgment on the Pleadings ("Motion"). Because the Court finds that Plaintiffs have failed to allege a sufficient effect on interstate commerce, as required by RICO, Defendants' Motion is GRANTED.

**BACKGROUND**

The following facts are taken from Plaintiffs' Complaint, and for the purposes of this Motion, the Court assumes them to be true.

Plaintiffs John and Tim Belczak, Joe and David Shaheen, Jerry Sandler, Jerry Kronquist, Jim Doyle, Frank Kirby, and Jeff Millers (collectively, "Plaintiffs"), all California residents, invested their money with California Dream Properties, LLC, a company owned and operated by Defendants James and Patricia Shute, also California residents.  On June 1, 2005, California Dream Properties signed a contract to purchase 1.4 acres of vacant land in Corona, California, intending to construct nineteen condominium units on the property.  (Compl. ¶ 8.)  Plaintiffs loaned California Dream Properties $1,500,000 to finance the project.  (Compl. ¶ 22.)  Due in substantial part to Jim Shute's delays and financial indiscretions, the condominium project fell apart, and Plaintiffs lost their investment.

Based on these facts and others, Plaintiffs have brought two claims against the Shutes: (1) a claim for violation of Section 1962(c) of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (2) a claim for violation of Section 1962(d) of RICO.  In July

JS-6  "O"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0305 AG (ANx) | Date | October 5, 2009 |
|---|---|---|---|
| Title | TIM BELCZAK, et al. v. JAMES SHUTE, et al. | | |

2009, Defendants moved for judgment on the pleadings ("Defendants' First MJOP"), and the Court granted the motion because Plaintiffs failed to allege a sufficient effect on interstate commerce, as required by RICO. (Order Granting Motion for Judgment on the Pleadings, June 29, 2009, Docket No. 20 ("June 29 Order".) Plaintiffs filed a First Amended Complaint ("FAC") on July 21, 2009. Defendants now bring this Motion.

## LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rules 12(b)(6) and 12(c) are substantively identical. *See* William W. Schwartzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:319. For a 12(c) motion, the Court accepts the allegations of the non-moving party as true. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir 1984)). If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings. *Id.*

## DISCUSSION

Defendants argue, among other things, that Plaintiffs' RICO claims must fail because Plaintiffs have not alleged the impact on interstate commerce required under RICO. The Court agrees.

RICO applies only to an "enterprise engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(c). The plaintiff bears the burden of proving an effect on interstate commerce. *Musick v. Burke*, 913 F.2d 1390, 1398 (9th Cir. 1990). In a civil RICO prosecution, the plaintiffs must show at least a "minimal" connection with interstate commerce, and must show more than the fact that an alleged RICO enterprise has purchased goods and supplies from out of state. *Id.*

In the July 29 Order, the Court held that Plaintiffs allegations that Defendants purchased "local equipment and supplies that are manufactured out-of-state," and "made direct out-of-state purchases of supplies, materials, equipment, and vehicles" were insufficient to identify a relevant aspect of interstate commerce under *Musick*, 913 F.2d at 1397. (July 29 Order 3:18-21 (citing Compl. ¶ 55.)

Plaintiffs' FAC still fails to sufficiently allege a minimal connection with interstate commerce.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0305 AG (ANx) | Date | October 5, 2009 |
|---|---|---|---|
| Title | TIM BELCZAK, et al. v. JAMES SHUTE, et al. | | |

The additional allegations relating to interstate commerce are found in Paragraphs 55, 57, 58, and 59 of the FAC. FAC Paragraph 55 simply states that 18 U.S.C. Section 1962(c) applies to "an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." This is a statement of the law and does not add allegations that could prove an effect on interstate commerce. FAC Paragraph 57 details the specific direct out-of-state purchases of supplies, materials, equipment, and vehicles made by California Dream Properties. But this Court already held that out-of-state purchases, either direct or indirect, were not sufficient to identify a relevant aspect of interstate commerce under *Musick*. (July 29 Order 3:23-28.) Plaintiffs' additional allegations specifying where the items were purchased from do not change the Court's findings.

FAC Paragraph 58 alleges that the "sale of the nineteen condominiums affected out-of-state buyers as the broker selling the condominiums responded to telephone inquiries from potential out-of-state buyers." Finally, FAC Paragraph 59 alleges that "the project impacted contractors and laborers who move from out of state to find work in California." FAC Paragraph 59 also alleges that the loan default impacted the FDIC insurance and the banks that had to receive insurance from the FDIC for the losses. All of these allegations were raised by Plaintiffs in their Opposition to Defendant's First MJOP, and this Court found that "these potential effects on interstate commerce constitute 'exactly that sort of incidental effect on interstate commerce which does not warrant federal jurisdiction.'" (July 29 Order 4:5-7 (citing *Musick*, 913 F.2d at 1397).)

In their Opposition to this Motion, Plaintiffs cite only *United States v. Atcheson*, 94 F.3d 1237 (9th Cir. 1996), and *United States v. Juvenile Male*, 118 F.3d 1344 (9th Cir. 1997), to support their claim that the alleged acts are sufficient to prove an effect on interstate commerce. As the Court held in its July 29 Order, those cases are distinguishable from Plaintiffs' case:

> In *Atcheson*, 94 F.3d at 1247, the Ninth Circuit found a sufficient connection to interstate commerce where the defendants "attempted to obtain, or obtained, out-of-state credit or ATM cards from each of the victims." In *Juvenile Male*, 118 F.3d at 1349, the Ninth Circuit found a sufficient connection to interstate commerce where the defendants robbed a Subway sandwich shop that was part of a national franchise system. The *Juvenile Male* holding was based, in part, on the fact that defendants robbed a sandwich shop "which sends a percentage of its profits to its out-of-state headquarters." *Id.* Both *Atcheson* and *Juvenile Male* involve schemes targeted at interstate commerce: obtaining out-of-state ATM cards, in *Atcheson,*

JS-6 "O"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0305 AG (ANx) | Date | October 5, 2009 |
|---|---|---|---|
| Title | TIM BELCZAK, et al. v. JAMES SHUTE, et al. | | |

>  and robbing a national franchise, in *Juvenile Male*. By contrast, Plaintiffs here allege that Defendants engaged in a scheme to defraud California investors in a California real estate project. Plaintiffs do not allege the kind of connection to interstate commerce found in *Atcheson* or *Juvenile Male*, and the Court finds that Plaintiffs allege only an "incidental" effect on interstate commerce insufficient to warrant federal jurisdiction.

(June 29 Order 4:11-24.) The Court finds no reason to hold differently here. Defendants' Motion is GRANTED.

**DISPOSITION**

Defendants' Motion for Judgment on the Pleadings is GRANTED without leave to amend. Defendants may submit a brief, concise proposed judgment to the Court within 14 days of this Order.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |